IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Matthew Robert Clark,<br><br>         Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive,<br><br>         Defendants. | Civil Action No.: _____<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Matthew Robert Clark, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Matthew Robert Clark ("Plaintiff"), is an adult individual residing in Holland, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.   Defendant Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 253502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.   Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.   Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

7.   The Plaintiff incurred an alleged financial obligation in the approximate amount of $2,282.00 dollars (the "Debt") to Capital One Bank USA N.A. (the "Creditor").

8.   The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.   The alleged Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the alleged Debt.

10.   The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Portfolio Engages in Harassment and Abusive Tactics

11.   Within the last year, the Defendant contacted Plaintiff in an attempt to collect the Debt.

12.     For approximately three to four months, Defendants have placed three to four calls per week to Plaintiff, in an attempt to collect the alleged Debt.

13.     Plaintiff has spoken with Defendants approximately fifteen times, and in each conversation, Plaintiff disputes the alleged Debt, and requests specifics regarding the alleged Debt, such as the name of the original creditor and the amount due, and Defendants will not disclose such information.

14.     Only after several months of requesting paperwork from Defendants regarding the alleged Debt, did Plaintiff receive the 30 day validation notice from Defendants, notifying Plaintiff of his rights.

15.     Defendants stated in a telephone conversation to Plaintiff that the alleged Debt was accrued 6 ½ years ago, however, Plaintiff never had any credit cards at such time.  Plaintiff is a victim of identity theft.

C.  **Plaintiff Suffered Actual Damages**

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Punitive damages against Defendants; and

5.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 27, 2012

        Respectfully submitted,

        By: <u>/s/ Sergei Lemberg, Esq.</u>
        Attorney for Plaintiff Matthew Robert Clark
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:   (203) 653-3424
        Email: slemberg@lemberglaw.com